EXHIBIT 7



City of
Charleston, West Virginia
Police Department
Criminal Investigations Division
501 Virginia Street East, Charleston, WV 25301
Main: 304-348-6480 Fax: 304-348-0743

# *Officer Safety/Awareness*

INTELLIGENCE BULLETINS is for OFFICIAL USE ONLY and is LAW ENFORCEMENT SENSITIVE. Any request for disclosure of this document must be approved through Criminal Intelligence Commander

**DATE:** 11/1/23



Shaheen Alavi Shafii

[redacted]

5'11" 200lbs

On several recent occasions, Mr. Shafii has attempted to record Charleston Police Department Patrol Division claiming that he is being followed. He has been posting videos showing him driving around which he edits to point out police cruisers acting as though they are targeting him. If you encounter Mr. Shafii, please use caution due to his recent category-A behavior. Also keep in mind he is more than likely recording you and plans on posting the video. At this time, Mr. Shafii has no warrants or pending criminal complaints.

**LAW ENFORCEMENT SENSITIVE**

(Not for public release. This document is for official use only. Limit dissemination to law enforcement, personnel and designated local, state, federal, tribal, and military officials with a need to know basis)

Early-2024 CPD email chain blocking or suppressing Plaintiff's reporting communication

| | |
|---|---|
| **From:** | Baker, Kevin |
| **Sent:** | Wednesday, April 24, 2024 12:54 PM |
| **To:** | Fields, Duane |
| **Cc:** | Dempsey, Scott; Webb, Jason |
| **Subject:** | FW: FWD TO SGT FIELDS PLEASE |

Sgt. Fields,
I spoke with Mr. Shafii today and he sent me the below email, which he said he tried to send to you but was blocked from doing so. When you have had time to review, I would like to sit down and discuss this with you.

Thank you,
Kevin

Kevin Baker
City Attorney
City of Charleston
501 Virginia Street, East
Charleston, WV 25301
304-348-8032

**From:** Shaheen Shafii <ss@federal.domains>
**Sent:** Wednesday, April 24, 2024 12:51 PM
**To:** Baker, Kevin <Kevin.baker@cityofcharleston.org>
**Subject:** FWD TO SGT FIELDS PLEASE

This Email Originated from an outside source: **Do not open attachments or links unless you know the content is safe, forward suspicious emails as an attachment to: helpdesk@cityofcharleston.org**

Sgt. Fields,

Thanks for taking the time to speak with me this morning.

Here are a few slides from an independent investigation that was done last year.

If you let me know which of the 16 charges you would like evidence for I can collect them and send them over.

A lot of the material is available at https://evidence.momster.inc

If you would like additional information about what I've experienced over the last year and a half it is publicly available on my Facebook page.

Searching either Shaheen Shafii or Himothy Himmingway should produce my profile.

**From:** Paxton, Doug
**Sent:** Monday, April 22, 2024 12:55 PM
**To:** Oldham, Kevin; Griggs, Brian; ShiftCommanders; Bailes, Travis A.
**Cc:** Dempsey, Scott; Webb, Jason
**Subject:** RE: Extra Patrol Request

Extra Patrol completed for two weeks in Records today.

Sgt. D. S. Paxton
Charleston Police Department
Records Division Commander
304-348-6400
Psalms 34

**From:** Oldham, Kevin <kevin.oldham@charlestonwvpolice.org>
**Sent:** Sunday, April 21, 2024 6:23 PM
**To:** Griggs, Brian <brian.griggs@charlestonwvpolice.org>; ShiftCommanders <shiftcmdr@charlestonwvpolice.org>; Bailes, Travis A. <Travis.Bailes@charlestonwvpolice.org>
**Cc:** Paxton, Doug <doug.paxton@charlestonwvpolice.org>; Dempsey, Scott <scott.dempsey@charlestonwvpolice.org>; Webb, Jason <jason.webb@charlestonwvpolice.org>
**Subject:** Re: Extra Patrol Request

Copy Sir.

Get Outlook for iOS

---

**From:** Griggs, Brian <brian.griggs@charlestonwvpolice.org>
**Sent:** Sunday, April 21, 2024 12:46:06 PM
**To:** ShiftCommanders <shiftcmdr@charlestonwvpolice.org>; Oldham, Kevin <kevin.oldham@charlestonwvpolice.org>; Bailes, Travis A. <Travis.Bailes@charlestonwvpolice.org>
**Cc:** Paxton, Doug <doug.paxton@charlestonwvpolice.org>; Dempsey, Scott <scott.dempsey@charlestonwvpolice.org>; Webb, Jason <jason.webb@charlestonwvpolice.org>
**Subject:** Extra Patrol Request

In reference to the Chief's email about Shaheen Shafii. Please conduct extra patrols for the next two weeks at [redacted] As much as possible day and night. This is Councilwomen Jennifer Farr's residence. Again if you come in contact with Mr. Shafii please make sure someone from the Chiefs office is contacted.

Thank you,
Cpt. Griggs

April 22, 2024 Bobinger/Webb Fusion Center watch-list request

**From:** Bobinger, Alexander
**Sent:** Monday, April 22, 2024 2:54 PM
**To:** Webb, Jason
**Subject:** Shaheen Shafii Social Media Accounts

Good afternoon sir. Can you send me those social media accounts you are aware of so I can request the Fusion Center to add them to their watch list for Mr. Shafii.

Thanks, Alex

***Det. A. Bobinger***
Charleston Police Department
Criminal Investigation Division
Intelligence Officer
Office 304-348-8175
Cell [redacted]
Fax 304-348-0743
alexander.bobinger@charlestonwvpolice.org

EXHIBIT F


IN THE MAGISTRATE COURT OF KANAWHA COUNTY, WEST VIRGINIA

Magistrate Court Case No. 24-M20S-00200

Jennifer Leah Pharr
Petitioner *(First/Middle/Last)*

By Parent/Guardian/Custodian *(if applicable)*

v.

Shaheen A Shafii
Respondent *(First/Middle/Last)*

**Law Enforcement**

Completed Service Verification on Page 4

☐ Yes

☐ No

## PERSONAL SAFETY ORDER FOLLOWING FINAL HEARING

*W. Va. Code § 53-8-7; § 53-8-10*

On the 21st day of April, 20 24, the petitioner filed with this Court a PETITION, pursuant to *West Virginia Code § 53-8-4,* alleging certain acts or offenses by the respondent and requesting this Court grant appropriate relief.

The Court held a Final Hearing in this matter on the 27th day of June, 2024, based upon the following: *(Check one as applicable.)*

☐ Service was waived by the respondent.

OR

☑ A Temporary Personal Safety Order was previously issued and served upon the respondent, scheduling this matter for a Final Hearing.

OR

☐ The respondent appeared at the hearing on the Temporary Personal Safety Order, and both the petitioner and respondent expressly consented to waiving the hearing on the Temporary Personal Safety Order.

The following were present for the hearing:

*Petitioner, Jennifer Pharr and Respondent, Shaheen Shafii*

Based on the matters set forth in the PETITION, and based upon a preponderance of the evidence, the Court finds as follows:

A. This Court has jurisdiction and this county is a proper venue to hear the PETITION.

B. The respondent has committed the act(s) described below against

☑ the petitioner.

☐ the following child(ren): ______________.

☐ the following incapacitated adult(s): ______________.

Magistrate Court Case No. 24-M20S-00200

C. The petitioner has reasonable apprehension of continued, unwanted, or unwelcome contacts by the respondent, based upon the following act(s) committed by respondent *(Check any or all that apply.)*:

☐ Sexual Offense(s) or Attempted Sexual Offense(s) as defined in *West Virginia Code § 53-8-1.*

☑ Harassment in violation of West Virginia Code *§ 61-2-9a(a).*

☐ Repeated credible threats of bodily injury knowing or having reason to know that the threats caused reasonable fear for safety in violation of *West Virginia Code § 53-8-4(a)(3).*

-OR-

Without admitting any act:

☐ The respondent consents to the entry of a Personal Safety Order.

D. The Court also finds that *(Check any that are applicable OR check Not Applicable.)*

☐ a weapon was used, or threatened to be used, in the offense(s) for which the PETITION was filed.

☐ the respondent has violated a prior Personal Safety Order.

☐ the respondent has been convicted of an offense involving the use of a firearm.

-OR-

☑ Not Applicable

The Court further makes the following findings of fact in relation to the conclusions stated in Paragraphs A,B,C, and D:

*After testimony and submitted evidence, the Court finds that the Respondent, Shaheen Shafii, has a pattern of conduct composed of two or more acts in which he directly, indirectly, and/or through social media, engages in nonconsensual contact and/or communications, including contact through electronic communication, that places the petitioner, Jennifer Pharr, in fear, causing reasonable, emotional distress and serves no legitimate or lawful purpose.*

Based upon the foregoing, the Court ORDERS the relief designated below with regard to the following protected person(s):

*Jennifer Leah Pharr*

**(Check and complete as applicable.)**

☑ Respondent shall refrain from attempting, committing, or threatening to commit any sexual offense, as defined in *West Virginia Code § 53-8-1(9);* any harassment as defined in *West Virginia Code § 61-2-9a(a);* or any repeated credible threats of bodily injury as defined in *West Virginia Code §53-8-4(a)(3).*

☑ Respondent shall refrain from contacting, attempting to contact, or harassing the person(s) named above, directly or indirectly, or through third party, regardless of whether those third parties know of this Order.

Magistrate Court Case No. 24-M20S-00200

☑ Respondent shall refrain from entering the residence of the person(s) named above.

☑ Respondent shall stay away from the place of employment, school, and residence of the person(s) named above.

☐ Respondent shall not visit, assault, molest, or otherwise interfere with the persons(s) named above; and if any such protected person is a child, respondent shall not engage in such conduct with siblings or minors residing in the household of the child.

☐ Based upon the matters found in Paragraph D of the Findings stated above, the respondent is prohibited from possessing a firearm as defined in *West Virginia Code § 61-7-7*. *(Check one below.)*

- ☐ Respondent shall surrender all firearms and ammunition possessed or owned by the respondent to the law enforcement officer serving this Order.
- ☐ Respondent shall transfer all firearms and ammunition possessed or owned by the respondent to a qualified third party. The law enforcement officer serving this Order shall determine if the third party is qualified to possess firearms and is not otherwise prohibited by law from possessing firearms.

  *If no qualified third party is available, the respondent shall surrender all firearms and ammunition possessed or owned by respondent to the law enforcement officer serving this Order.*

If the respondent is required to surrender firearms and ammunition, the respondent shall provide, within 5 days of the date of this Order, written documentation to the Magistrate Court Clerk of all firearms and ammunition surrendered or transferred. The written documentation shall include the description of each firearm and the name of the law enforcement agency or third party having possession of the respondent's firearms.

☐ Respondent shall pay the fees and costs of this proceeding in the amount of $ ________________ to the Magistrate Court unless a fee waiver request has been granted.

☑ Other relief the Court deems necessary:

*Respondent shall not engage in electronic communication with the petitioner, including, but not limited to, direct and indirect social media posts.*

**VIOLATION OF THIS ORDER MAY RESULT IN CRIMINAL PROSECUTION AND, IF CONVICTED, INCARCERATION, FINE, OR BOTH.**

This Order shall remain in effect until the 27th day of June, 20 25.

A copy of this Order shall be served upon the parties by the Court or law enforcement. Copies of this Order shall be transmitted immediately, but no later than the next business day to any law enforcement agency having jurisdiction to enforce this Order, including the county sheriff, the local office of the state police, and any municipal police force, to be placed in a confidential file by such law enforcement agencies pursuant to *W. Va. Code § 53-8-2(a)*.

☐ The Clerk shall serve a copy of this Order by first-class mail upon the following:

*(specify any non-party(ies) to be served, e.g. Board of Education)*

Issued this 06-27-2024 7:00 pm
(Date and Time)

[signature]
Magistrate's Signature

Magistrate Court Case No. 24-M20S-00200

**NOTICE TO PARTIES**

YOU HAVE THE RIGHT TO APPEAL THIS ORDER TO THE CIRCUIT COURT WITHIN 20 DAYS OF THE ENTRY OF THIS ORDER. YOUR APPEAL MUST USE THE ***PETITION FOR APPEAL OF ORDER GRANTING OR DENYING FINAL PERSONAL SAFETY ORDER*** FORM THAT CAN BE OBTAINED FROM THE MAGISTRATE COURT CLERK'S OFFICE OR ON THE WEBSITE OF THE SUPREME COURT OF APPEALS OF WEST VIRGINIA. THE COMPLETED APPEAL FORM MUST BE FILED WITH THE MAGISTRATE COURT CLERK'S OFFICE.

IF YOU CANNOT AFFORD THE COSTS OF THESE PROCEEDINGS, YOU MAY FILE A FEE WAIVER REQUEST WITH THE MAGISTRATE COURT CLERK'S OFFICE.

**SERVICE BY COURT**

Served upon petitioner on this 27th day of June, 2024, by Kacie Moore,

☒ Magistrate / ☐ Magistrate's Assistant/Clerk/Deputy Clerk.

[signature]
Signature

Served upon respondent on this 27th day of June, 2024, by Kacie Moore,

☒ Magistrate / ☐ Magistrate's Assistant/Clerk/Deputy Clerk.
Via USPS

[signature]
Signature

Served upon ______________________ by first-class mail on .
*[specify non-party(ies) served]*

this ______ day of ______________, 20____, by ______________

______________________
Signature

**SERVICE BY LAW ENFORCEMENT (if party not present at conclusion of hearing)**

Served upon petitioner by ______________________ in ______________

County, WV, on ______________ at __________ ☐ a.m. ☐ p.m.
(date) (time)

______________________
Law Enforcement Signature

Served upon respondent by ______________________ in ______________

County, WV, on ______________ at __________ ☐ a.m. ☐ p.m.
(date) (time)

______________________
Law Enforcement Signature

**FOR COURT USE ONLY**

Law enforcement agencies to which a copy of this Order was transmitted:

*(Place an asterisk next to the agency responsible for completing service, if known.)*

**From:** Hazelett, Tony
**Sent:** Friday, August 2, 2024 11:43 AM
**To:** Fields, Duane
**Cc:** Webb, Jason
**Subject:** Re: Shaheen Shafii

I don't have a problem with it.

Lieutenant Tony L. Hazelett
Investigative Services Bureau Chief
Charleston Police Department
P.O. Box 2749
Charleston, WV 25330
Office- 304-348-8000 ext. 225
Fax- 304-720-7075
tony.hazelett@charlestonwvpolice.org

On Aug 2, 2024, at 11:38 AM, Fields, Duane <dfields@charlestonwvpolice.org> wrote:

Sir,
Councilwoman Pharr asked if I could share the emails between Shafii and I with her. She wanted me to send it to her personal G mail account. She has court on Monday and wants to show the judge what he has been asking and stating. I don't have a problem with it. Wasn't sure if you or the chiefs office had any objections.

Sgt. D Fields
Assistant Chief of Detectives
Charleston Police Department
304-348-6480 Ext. 187

**From:** Fields, Duane
**Sent:** Friday, August 2, 2024 12:28 PM
**To:** jenpharr27@gmail.com
**Subject:** FW: EVIDENCE - Stalking
**Attachments:** 2024.01.23 Shafii Motion to Terminate Guardian.pdf

**From:** Shaheen Shafii <ss@federal.domains>
**Sent:** Tuesday, May 21, 2024 11:29 AM
**To:** Fields, Duane <dfields@charlestonwvpolice.org>
**Subject:** EVIDENCE - Stalking

This Email Originated from an outside source: **Do not open attachments or links unless you know the content is safe, forward suspicious emails as an attachment to: helpdesk@cityofcharleston.org**

Sgt. Fields,

Here is an email threat we can use for Stalking

Some of the analysis is technical so if I can add clarity anywhere please don't hesitate to ask.

BACKGROUND

[redacted]

**From:** Fields, Duane
**Sent:** Monday, August 5, 2024 9:04 AM
**To:** Midkiff, Shawn
**Cc:** Whittington, Charles; Webb, Jason; Hazelett, Tony
**Subject:** RE: Shaheen Shafii

Thank you sir.

**From:** Midkiff, Shawn <shawn.midkiff@charlestonwvpolice.org>
**Sent:** Monday, August 5, 2024 8:49 AM
**To:** Fields, Duane <dfields@charlestonwvpolice.org>
**Cc:** Whittington, Charles <charles.whittington@charlestonwvpolice.org>; Webb, Jason <jason.webb@charlestonwvpolice.org>; Hazelett, Tony <tony.hazelett@charlestonwvpolice.org>
**Subject:** Re: Shaheen Shafii

We just spoke with Judge Bailey's office on this. Judge Bailey is recusing herself from this case. They are going to let us know who the case is re-assigned to with date and time. There will be no hearing today.

Midkiff

---

**From:** Fields, Duane <dfields@charlestonwvpolice.org>
**Sent:** Friday, August 2, 2024 11:33 AM
**To:** Midkiff, Shawn <shawn.midkiff@charlestonwvpolice.org>
**Cc:** Burton, Brandon <brandon.burton@charlestonwvpolice.org>; Whittington, Charles <charles.whittington@charlestonwvpolice.org>; Webb, Jason <jason.webb@charlestonwvpolice.org>; Hazelett, Tony <tony.hazelett@charlestonwvpolice.org>
**Subject:** Shaheen Shafii

Shawn,

I was just informed by Councilwoman Pharr she has court with Mr. Safii this coming Monday at 11:00 in front of Judge Bailey. Ms. Pharr was curious if he would be arrested prior to the hearing. I wasn't sure if you wanted to reach out to Judge Baileys court and inform them of the warrant and any intentions of arresting him prior to a hearing or immediately following the hearing. Could someone from your office please touch base with her. She is understandably aggravated and upset over Mr. Shafiis actions.

Her number is 304-615-7574

**From:** Fields, Duane
**Sent:** Wednesday, August 14, 2024 9:48 AM
**To:** Bobinger, Alexander
**Cc:** Davis, Autumn; Spaulding, Ryan; Whittington, Charles; Midkiff, Shawn
**Subject:** Shafii 22 August 0900 Assit Warrants Division

Sir,
Shaheen Shafii has court in front of Judge Akers on Thursday the 22nd of August at 0900. Mr. Shafii has a warrant for his arrest, and I believe it is warrants division plan to arrest him as he enters the courthouse. After placing him under arrest, he will be escorted to Judge Akers courtroom for the hearing. Due to staffing issues, Whittington is working this solo. Shafii has exhibited signs of being unstable. Can you please get with Whittington and assist him with the arrest. If Whittington is in uniform, please bring your uniform to work and be dress accordingly. If you have any issues or questions come see me. Thank you.

Sgt. D Fields
Assistant Chief of Detectives
Charleston Police Department
304-348-6480 Ext. 187

**From:** Fields, Duane
**Sent:** Wednesday, February 26, 2025 8:28 AM
**To:** Jones, Chad
**Subject:** Re: Shaheen Shafii

Sounds good sir

Get Outlook for iOS

---

**From:** Jones, Chad <chad.jones@cityofcharleston.org>
**Sent:** Wednesday, February 26, 2025 8:28:02 AM
**To:** Fields, Duane <dfields@charlestonwvpolice.org>
**Subject:** Re: Shaheen Shafii

I'll be there in just a second

Thanks and have a great day,

Chad Jones, Director
City of Charleston Department of
Homeland Security and Emergency Management
chad.jones@cityofcharleston.org
304-389-2002

---

**From:** Fields, Duane <dfields@charlestonwvpolice.org>
**Sent:** Wednesday, February 26, 2025 8:27 AM
**To:** Jones, Chad <chad.jones@cityofcharleston.org>
**Subject:** Re: Shaheen Shafii

Yes sir

Get Outlook for iOS

---

**From:** Jones, Chad <chad.jones@cityofcharleston.org>
**Sent:** Wednesday, February 26, 2025 8:26:59 AM
**To:** Fields, Duane <dfields@charlestonwvpolice.org>
**Subject:** Re: Shaheen Shafii

You on 2nd floor

Thanks and have a great day,

Chad Jones, Director
City of Charleston Department of
Homeland Security and Emergency Management
chad.jones@cityofcharleston.org
304-389-2002

---

**From:** Fields, Duane <dfields@charlestonwvpolice.org>
**Sent:** Wednesday, February 26, 2025 8:26 AM
**To:** Jones, Chad <chad.jones@cityofcharleston.org>
**Subject:** Re: Shaheen Shafii

I'm here now if you want to run up. Totally up to you. If you want me to come down to your office I can do that as well.

Get Outlook for iOS

---

**From:** Jones, Chad <chad.jones@cityofcharleston.org>
**Sent:** Wednesday, February 26, 2025 8:25:41 AM
**To:** Fields, Duane <dfields@charlestonwvpolice.org>
**Subject:** Re: Shaheen Shafii

Whenever you get in the office just holler and I can run down

Thanks and have a great day,

Chad Jones, Director
City of Charleston Department of
Homeland Security and Emergency Management
chad.jones@cityofcharleston.org
304-389-2002

---

**From:** Fields, Duane <dfields@charlestonwvpolice.org>
**Sent:** Tuesday, February 25, 2025 1:42 PM
**To:** Jones, Chad <chad.jones@cityofcharleston.org>
**Subject:** Re: Shaheen Shafii

Yeah man we can meet whenever you want. My calendar is good.

Get Outlook for iOS

---

**From:** Jones, Chad <chad.jones@cityofcharleston.org>
**Sent:** Tuesday, February 25, 2025 1:30:31 PM

**To:** Fields, Duane <dfields@charlestonwvpolice.org>
**Subject:** Re: Shaheen Shafii

I should be free all day tomorrow, if anytime works best for you just holler and I can run down or if you wanna run up I'll be here on the mezzanine in the old polygraph room.

Thanks and have a great day,

Chad Jones, Director
City of Charleston Department of
Homeland Security and Emergency Management
chad.jones@cityofcharleston.org
304-389-2002

---

**From:** Fields, Duane <dfields@charlestonwvpolice.org>
**Sent:** Tuesday, February 25, 2025 1:24 PM
**To:** Jones, Chad <chad.jones@cityofcharleston.org>
**Subject:** Re: Shaheen Shafii

We can meet whenever my friend

Get Outlook for iOS

---

**From:** Jones, Chad <chad.jones@cityofcharleston.org>
**Sent:** Tuesday, February 25, 2025 1:21:06 PM
**To:** Fields, Duane <dfields@charlestonwvpolice.org>
**Subject:** Shaheen Shafii

Duane,

I had met with the Mayor yesterday and she asked me to get with you and see if you could give me the run down on Mr. Shafii. Just let me know when works best for you and we can try to get together.

Thanks and have a great day,

Chad Jones, Director
City of Charleston Department of
Homeland Security and Emergency Management
chad.jones@cityofcharleston.org
304-389-2002

February 26, 2025 Jones report-back to Mayor/Chief of Staff

From: Jones, Chad
Sent: Wednesday, February 26, 2025 10:34 AM
To: Goodwin, Amy; Sutton, Matthew
Cc: Workman, Andrew
Subject: Follow Up from Monday

Just a brief follow up from our conversation Monday about the three individuals:

Shaheen Shafii - I met with Fields this morning and he filled me in on everything with Mr. Shafii
[REDACTED - unrelated individual] - [REDACTED - unrelated law-enforcement database reference]

I have reached out to Huntington and Wheeling, and also to a couple of security companies for proposals.

Thanks and have a great day,

Chad Jones, Director
City of Charleston Department of
Homeland Security and Emergency Management
chad.jones@cityofcharleston.org
304-389-2002

EXHIBIT 4

July 9, 2025 Fields email acknowledged Powell contradiction and charge should be dropped

**From:** Fields, Duane
**Sent:** Wednesday, July 9, 2025 8:06 AM
**To:** Hill, Jonathan
**Subject:** RE: False Reporting

If he has that recorded statement we need to get it and submit it as evidence. This is contrary to what Tiffany told you and definitely should be taken into consideration. That charge should be dropped if indeed that was all that was said.

**From:** Hill, Jonathan <jonathan.hill@charlestonwvpolice.org>
**Sent:** Wednesday, July 9, 2025 7:37 AM
**To:** Fields, Duane <dfields@charlestonwvpolice.org>
**Subject:** Fw: False Reporting

***Detective J.D. Hill***
*Charleston Police Department*
*Criminal Investigation Division*
501 Virginia Street East
Charleston, WV 25301
**Office:** (304) 348-6480
**Cell:** (304) 389-2417
**Fax:** (304) 348-0743

---

**From:** Shaheen Shafii <ss@federal.domains>
**Sent:** Tuesday, July 8, 2025 9:52:41 PM
**To:** Hill, Jonathan <jonathan.hill@charlestonwvpolice.org>
**Subject:** False Reporting

This Email Originated from an outside source: **Do not open attachments or links unless you know the content is safe, forward suspicious emails as an attachment to: helpdesk@cityofcharleston.org**

Officer Hill,

One of my goals today was to submit a criminal complaint to Magistrate Court for a false report Tiffany Powell gave you. As I was driving down the road thinking about how senseless this is, as I do many days. Today I was visualizing a finish line somewhere in 2026. I thought to myself, there are many who are responsible for the situation, not excluding myself, and they will have earned the pleasure of walking down this super fun road with me. I was reminded of my kids' suffering, as I am many days, who absolutely did not deserve it. Then of others who may not have, as I have many days, and today I was reminded of you. So I called earlier to express that regret, on your voicemail, in much shorter form lol.

At the time, I didn't expect you'd have to get on this train until winter. However, since that call I've been to Magistrate twice and CPD records, twice, in attempts to handle today's tasks... and now I am writing this email. As it seems, you are the only one who can take this document. I know that's complete bullshit. I'm less sure why records insists that it isn't. Maybe it's out of respect for you or maybe it's further obstruction idk. At any rate, here we are. I understand where we are, as I'm sure you do as well. All of this is to say, this isn't personal. I know you gotta do what you gotta do, but I have a criminal complaint to submit. You will find it attached.

--

SHAHEEN SHAFII
PRESIDENT

FEDERAL DOMAINS

EXHIBIT K

June 18, 2026 dismissal order/docket entry for Case No. 25-M20M-01822

IN THE MAGISTRATE COURT OF KANAWHA COUNTY, WEST VIRGINIA

Case ID: **25-M20M-01822 (RC)**

**State of West Virginia**
v.

**Shaheen Alavi Shafii**
4509 Chesterfield Avenue
Charleston, WV 25304

SSN: **XXXXX0666** DOB: 1983

DL Number: [redacted] DL State: **WV**

**CRIMINAL JUDGMENT ORDER**

Judgment of Dismissed for 1 count of **53-8-11(a)(1): Violation of a personal safety order - 1st Offense.** Violation date of **07/18/2024.**

**KEY WITNESS HAS LEFT THE AREA AND WILL NOT BE RETURNING TO TESTIFY**

Total Case balance of **$0.00**

Hereby **ORDERED** and **ADJUDGED** on this the 18 [illegible] June, 2026.

____________________________

[illegible], **Magistrate**

**NOTICE:** Failure to pay in full all costs, fines, fees, forfeitures, restitution or penalties within timeframes provided herein may result in the withholding of your West Virginia personal income tax refund pursuant to W.Va. Code §50-3-2c. Additionally, a judgment lien may be placed against property you own or your account may be submitted to a state approved collection agency under the authority of W. VA. Code §62-4-17.

Citations Only: By Telephone __________ (Initials) In Person __________ (Initials)

------------------------------ **CERTIFICATION BY CLERK** (For Court Use Only) ------------------------------

25-M20M-01822 Chg 1 - 53-8-11(a)(1)

I ____________________________, hereby certify the above is a true and correct record of the Judgment in this proceeding filed in my office.

Given under my hand on the ______ day of __________________, 20____.

Seal

____________________________

Magistrate Court Clerk

Report: WRCRJMT Rev 20250403 - *Source: MPROD RAC*
Docket Code: MMOJO

June 18, 2026 dismissal order/docket entry for Case No. 25-M20M-01822

IN THE MAGISTRATE COURT OF KANAWHA COUNTY, WEST VIRGINIA

☐ State of West Virginia or ☐ Plaintiff

Plaintiff (full name)

Case No. 25M20M 01822

v.

Shaheen Shafi
Defendant (full name)

XXX-XX-
Social Security Number

/ /
Date of Birth

Address

Driver's License / Identification Number

City, State & Zip Code

Phone Number(s)

## MOTION

*Mag. Ct. Civil Procedure Rules 8, 9, 12; and Mag. Ct. Criminal Procedure Rules 12, 13*

The ☒ State of West Virginia ☐ Plaintiff ☐ Defendant requests that this court
Motion to Dismiss

This motion is based upon the following grounds: ☐ Check if continuation sheet is included.

Key witness has left the area and will not be returning to testify.

6-18-26
Date

Signature of [illegible] Motion/Attorney for the Party/Prosecutor

**NOTICE TO PARTIES FILING MOTION:** This motion must be filed with the court, and a copy must be served on the opposing party or the opposing party's attorney, by mail, hand delivery or facsimile.

## CERTIFICATE OF SERVICE

I, Sherry Eling, certify that I have served a copy of the above motion on the opposing party, or the opposing party's attorney, if he or she is represented by counsel, on the 18 day of June, 2026 ☐ by first-class mail ☒ by hand delivery ☐ by facsimile upon name and address of the party or attorney served:

Allan Nichols

Signature: Sherry Eling

Date: 6-18-26

**NOTICE TO PARTIES:** Contact the magistrate court to determine if the requested action has been denied, granted, or set for hearing.

## RULING

The motion is ☐ Denied. ☒ Granted. ☐ Granted in the following manner:

☐ Set for hearing ☐ Hearing Date: ______ and time __:__ ☐ a.m./ ☐ p.m.

6-18-26
Date

[signature] MR
Magistrate

MCRMOTN: Motion
Revised: 06/2012; WVSCA Approved 06/2012; Docket Code(s): See List of Values (LOV)

June 18, 2026 dismissal order/docket entry for Case No. 25-M20M-01822

Skip to main content

Disclaimer: The Supreme Court of Appeals of West Virginia makes no representation as to the accuracy or completeness of the information provided, and assumes no liability for any general or specific use of the information. Therefore, there is no guarantee that retrieved records represent a complete civil or criminal history. Contact the clerk of the court in which the case was filed to validate information provided by this website. By utilizing this website, you accept all Terms of Use. View Disclaimer Details

New Search | Return to Results Page

BASIC CASE INFORMATION:

| | |
|---|---|
| Case ID: | 25-M20M-01822 |
| Case Location: | Magistrate Court of Kanawha County, West Virginia |
| Case Description: | State v. Shaheen Alavi Shafii |
| Filing Date: | 03/05/2025 |
| Type: | MI - Misdemeanor |
| Trial Type: | None |
| Claim/Amount: | $0.00 |
| Appearance Date: | |
| Agency: | Sheriff Of Kanawha Co. |

RELATED CASES:

**NO RELATED CASES**

CASE CHARGES:

| Charge | Citation | On or About | Person | Charge | |
|---|---|---|---|---|---|
| 1 | | 07/18/2024 | Shaheen Alavi Shafii | Charge: | 1 Count(s) of: 53-8-11(a)(1): Violation of a personal safety order - 1st Offense |
| | | | | Plea: | |
| | | | | Disposition: | Dismissed 06/18/2026 |
| | | | | Disposition Magistrate: | Russell Casto |
| | | | | Disposition Trial Type: | |

Due Date:

Non-Monetary Sentences

**NO SENTENCES**

CIVIL JUDGMENTS:

**NO CIVIL JUDGMENTS**

BOND INFORMATION:

| Bond ID | Bond Type | Bond Set Amount | Reduced Amount | Posted Bond Total | Payor Amount | Bond Status | Person Paying Bond | Receipt No |
|---|---|---|---|---|---|---|---|---|
| 25-PR20-0732 | Personal Recognizance Bond | $3,000.00 | $0.00 | $3,000.00 | $3,000.00 | Released | Shafii, Shaheen Alavi | |
| | **Set Date:** | 03/26/2025 | | | | | | |
| | **Posted Date:** | 03/26/2025 | | | | | | |

CASE EVENT SCHEDULE:

| Record | Event Type | Date/Time | Room | Location | Judge | Reason Closed |
|---|---|---|---|---|---|---|
| 1 | Initial Appearance | 03/26/2025 10:00 AM | To Be Determined | Kanawha | Moore, Kacie | Hearing/Event Closed |
| 2 | Bench Trial | 05/07/2025 09:45 AM | To Be Determined | Kanawha | Casto, Russell | Hearing/Event Closed |
| 3 | Pre- Trial Hearing | 07/30/2025 02:15 PM | To Be Determined | Kanawha | Casto, Russell | Hearing/Event Closed |
| 4 | Pre- Trial Hearing | 09/17/2025 09:15 AM | To Be Determined | Kanawha | Casto, Russell | Hearing/Event Closed |
| 5 | Bench Trial | 11/06/2025 10:30 AM | To Be Determined | Kanawha | Casto, Russell | Hearing/Event Closed |
| 6 | Bench Trial | 01/15/2026 11:00 AM | To Be Determined | Kanawha | Casto, Russell | Hearing/Event Closed |
| 7 | Bench Trial | 03/02/2026 03:00 PM | To Be Determined | Kanawha | Casto, Russell | Hearing/Event Closed |
| 8 | Pre- Trial Hearing | 05/26/2026 11:00 AM | To Be Determined | Kanawha | Casto, Russell | Hearing/Event Closed |

EXHIBIT K
June 18, 2026 dismissal order/docket entry for Case No. 25-M20M-01822

| | | | | | | |
|---|---|---|---|---|---|---|
| 9 | Magistrate Jury Trial | 06/22/2026 09:00 AM | To Be Determined | Kanawha | Casto, Russell | Motion filed for Dismissal |

CASE PARTIES:

| Record | Type | Name | End Date |
|---|---|---|---|
| 1 | Defendant/Respondent | Shafii, Shaheen Alavi | |
| | **Birthdate:** 1983 | | |
| 2 | Law Enforcement Officer | HILL, JD | |
| 3 | Issuing Magistrate | Grace, Leslie | |
| 4 | Prosecutor | Kanawha County Prosecutor | |
| 5 | Magistrate | Casto, Russell | |
| 6 | Public Defender | Kanawha County Public Defender | 08/01/2025 |
| 7 | Defendant/Respondent Atty | Spano Jr., Esq., Joseph H. | 10/29/2025 |
| 8 | Public Defender | Nichols, Alan | |

DOCKET ENTRY:

| Record | Filing Date | Code | Description | Filed By |
|---|---|---|---|---|
| 1 | 03/05/2025 | MMFCF | Misdemeanor Complaint | |
| 2 | 03/05/2025 | MMFSI | Summons Issued | |
| 3 | 03/06/2025 | MGSSC | Service Successful / Complete | |
| 4 | 03/26/2025 | MMWAR | Warrant Issued | |
| 5 | 03/26/2025 | MGSSC | Service Successful / Complete | |
| 6 | 03/26/2025 | MMCDR | Court Disposition Reporting | |
| 7 | 03/26/2025 | MMIRS | Initial App.-Rights Sheet | |
| 8 | 03/26/2025 | MMAPD | Affidavit-Pub Def/Att/Counsel | |
| 9 | 03/26/2025 | MBOND | Bond/Bail Set | Shafii, Shaheen Alavi |
| 10 | 03/26/2025 | MBONI | Bond/Bail Posted | |
| 11 | 03/27/2025 | MGHCC | Hearing/Event Closed | |
| 12 | 03/28/2025 | MGMDS | Motion for Discovery | Kanawha County Public Defender |

| | | | | |
|---|---|---|---|---|
| 13 | 03/28/2025 | MGJED | Jury Election or Demand | Kanawha County Public Defender |
| 14 | 04/02/2025 | MGMDC | Motion filed for Dismissal | Shafii, Shaheen Alavi |
| 15 | 04/02/2025 | MMOPD | Order-Pub Def/Att/Counsel-Grnt | |
| 16 | 04/04/2025 | MGNCH | Notice of Hearing | |
| 17 | 04/09/2025 | MGSRD | State's Response to Discovery | Kanawha County Prosecutor |
| 18 | 05/07/2025 | MGMRF | Motion | |
| 19 | 05/08/2025 | MGHCC | Hearing/Event Closed | |
| 20 | 06/18/2025 | MGNCH | Notice of Hearing | |
| 21 | 07/23/2025 | MGMDS | Motion for Discovery | Kanawha County Prosecutor |
| 22 | 07/30/2025 | MGMRF | Motion | Shafii, Shaheen Alavi |
| 23 | 07/30/2025 | MGMDC | Motion filed for Dismissal | Shafii, Shaheen Alavi |
| 24 | 07/30/2025 | MGMRF | Motion | Shafii, Shaheen Alavi |
| 25 | 07/31/2025 | MGHCC | Hearing/Event Closed | |
| 26 | 08/04/2025 | MMOPD | Order-Pub Def/Att/Counsel-Grnt | |
| 27 | 08/05/2025 | MGMDS | Motion for Discovery | Spano Jr., Esq., Joseph H. |
| 28 | 08/05/2025 | MGJRQ | Jury Request | Spano Jr., Esq., Joseph H. |
| 29 | 08/12/2025 | MGNCH | Notice of Hearing | |
| 30 | 09/11/2025 | MGHIE | Hearing Entered in Error | |
| 31 | 09/17/2025 | MGMCT | Motion to Continue | |
| 32 | 09/18/2025 | MGHCC | Hearing/Event Closed | |
| 33 | 10/02/2025 | MGNCH | Notice of Hearing | |
| 34 | 10/03/2025 | MGMRF | Motion | Shafii, Shaheen Alavi |
| 35 | 10/03/2025 | MGMRF | Motion | Shafii, Shaheen Alavi |
| 36 | 10/28/2025 | MGMRF | Motion | Spano Jr., Esq., Joseph H. |
| 37 | 11/06/2025 | MGMCT | Motion to Continue | |
| 38 | 11/07/2025 | MGHCC | Hearing/Event Closed | |
| 39 | 11/10/2025 | MMOPD | Order-Pub Def/Att/Counsel-Grnt | |

June 18, 2026 dismissal order/docket entry for Case No. 25-M20M-01822

| | | | | |
|---|---|---|---|---|
| 40 | 12/10/2025 | MGNCH | Notice of Hearing | |
| 41 | 12/10/2025 | MGMRF | Motion | Shafii, Shaheen Alavi |
| 42 | 01/13/2026 | MMOPD | Order-Pub Def/Att/Counsel-Grnt | |
| 43 | 01/16/2026 | MGHCC | Hearing/Event Closed | |
| 44 | 01/28/2026 | MGNCH | Notice of Hearing | |
| 45 | 03/02/2026 | MGMCT | Motion to Continue | |
| 46 | 03/02/2026 | MGMCT | Motion to Continue | Kanawha County Prosecutor |
| 47 | 03/03/2026 | MGHCC | Hearing/Event Closed | |
| 48 | 03/16/2026 | MGCOR | Correspondence / Letter | Nichols, Alan |
| 49 | 03/31/2026 | MGNCH | Notice of Hearing | |
| 50 | 05/26/2026 | MGNCH | Notice of Hearing | |
| 51 | 05/26/2026 | MGJRQ | Jury Request | |
| 52 | 05/27/2026 | MGHCC | Hearing/Event Closed | |
| 53 | 06/18/2026 | MGMDC | Motion filed for Dismissal | |
| 54 | 06/18/2026 | MGMDC | Motion filed for Dismissal | Kanawha County Prosecutor |
| 55 | 06/18/2026 | MMOJO | Order - Criminal Judgment | |
| 56 | 06/18/2026 | MBREL | Bond Released | |

WORTHLESS CHECK INFORMATION

**NO WORTHLESS CHECKS**

The West Virginia Judicial System is an Equal Opportunity Employer committed to providing equal and unbiased, non-discriminatory treatment to all

2026 West Virginia Court System - Supreme Court of Appeals. All Rights Reserved. **Accessibility Statement | West Virginia Judiciary**

# EXHIBIT B

Powell 00:00 --> 00:03
Thanks for calling Mayor Goodwin's office. Tiffany, how can I help you?

Shafii 00:04 --> 00:06
Yeah, hey Tiffany is Jennifer Pharr in there?

Powell 00:08 --> 00:12
umm she doesn't reside at the city hall. She's just a council member.

Shafii 00:13 --> 00:15
Okay, so she works somewhere else completely?

Powell 00:16 --> 00:21
Umm Yeah, she, I mean, I'm not sure exactly what she does. I might be able to get her e-mail address for you.

Shafii 00:22 --> 00:28
No, I was just wondering if she was in there because I was wanting to come up and see if I could talk to the mayor.

Powell 00:29 --> 00:36
Ohh, yeah. The mayor's in meetings right now and Councilwoman Pharr doesn't reside in the City Hall.

Shafii 00:37 --> 00:43
Okay, is there any time today that I could put some time on the mayor's calendar?

Powell 00:44 --> 00:48
I'm not sure. I'm not her scheduler and her scheduler is out at the moment.

Shafii 00:49 --> 00:50
I see.

Powell 00:51 --> 00:52
What was you needing to speak with her about?

Shafii 00:53 --> 01:12
There's just a big large mess out here. the police are refusing to take criminal complaint. I've filed complaints with the Professional Standards Division and still nothing seems to occur. Like at impasse almost.

Powell 01:13 --> 01:14
Have you spoke with the shift commander?

# EXHIBIT B CONT.

Shafii 01:15 --> 01:22
I've spoken with everybody all the way up the chain to the chief. I never got a response from the chief.

Powell 01:24 --> 01:25
OK, and what's your name?

Shafii 01:25 --> 01:37
It's Shaheen. it's spelled S-H-A-H-E-E-N as in Nancy and then my last name is Shafii is S-H-A-F as in Frank, I-I

Powell 01:40 --> 01:44
OK. And is this a good phone number for you?

Shafii 01:45 --> 01:48
Yeah it's the 3043803639

Powell 01:53 --> 01:55
And what's going on with the police department?

Shafii 01:56 --> 02:20
I'm not really too sure. I was hoping that she'd be able to answer that. They're just not, they're not taking a criminal complaint. They won't do anything. I've got a bunch of evidence and stuff to file and they just refuse to do it. I filed complaints on the individual officers with the Professional Standards Division and that doesn't seem to work either.

Powell 02:21 --> 02:29
OK, let me reach out to the chief of police. Like I said, the mayor's busy all day, but I'll try to get somebody to reach out to you. OK?

Shafii 02:30 --> 02:31
OK. That's cool. Thank you.

Powell 02:32 --> 02:33
You're welcome. Bye.

April 19-20, 2024 Webb/Redden/Powell/Goodwin/Dempsey chain concerning the November 2022 leaving-the-scene complaint

**From:** Webb, Jason
**Sent:** Saturday, April 20, 2024 6:53 PM
**To:** Goodwin, Amy; Dempsey, Scott
**Subject:** Fwd: Shaheen Shafii
**Attachments:** SKM_C450i24041911280.pdf

Just an update. There was no follow up with the leaving the scene Mr. Shafi is upset about because his mother brought in the evidence two years after the initial report was filed and there was no way to follow up on the information due to the time that has passed.

Mr. Shafi's mother attempted to get a copy of the report without Mr. Shafi and she was unable to pick it up without him.

As I get more information about his other complaints I'll share it with you.

-Webb

Get Outlook for iOS

---

**From:** Redden, Jessi <jessi.redden@charlestonwvpolice.org>
**Sent:** Friday, April 19, 2024 11:37:12 AM
**To:** Fields, Duane <dfields@charlestonwvpolice.org>; Oldham, Kevin <kevin.oldham@charlestonwvpolice.org>
**Cc:** Webb, Jason <jason.webb@charlestonwvpolice.org>
**Subject:** RE: Shaheen Shafii

**Shaheen Shafii – 22-1396**

**We original received the complaint in late January 2024, I have an email from 1/23/2024. Ms. Caruthers, whom we knew to be the mother of Mr. Shafii called into the Chiefs Office as I received a complaint from Crystal Elmore and the Mayor's Office, Tiffany Powell. Myself, Cpl. Douglas, Cpl. Owens and Sptlm. B. Foster all spoke to Ms. Caruthers. Mr. Shafii never once called in to my recollection, all correspondence was with his mother. Ms. Caruthers called in numerous times over and over and came to the office twice. Every time contact was made we advised the following.**

**An initial report was completed by Cpl. Carte and there was no follow up investigation due to lack of evidence on the suspect vehicle and driver. There was never any further information given to AIB so the case was not assigned to a crash investigator. *I keep a ledge of all leaving the scene files.* To appease the Ms. Caruthers Sptlm. Foster added to the original report that Ms. Caruthers brought in evidence of the supposed leaving the scene vehicle two years later and that we would not be able to validate or prove that it was in fact the suspect vehicle because if there was damage it had already been fixed. I advised her that they could pick up a copy of the update crash report at our Records Division at any time. She stated she needed it I believe, because they were in a civil hearing in reference to the crash. The day she went to pick up the report she was unable to retrieve, because Mr. Shafii did not go with her and she was not listed on the crash report. I am uncertain if Mr. Shafii ever went to get the crash report.**

**There was no further contact made from Ms. Caruthers.**

**Attached is the update narrative we provided.**

**From:** Fields, Duane <dfields@charlestonwvpolice.org>
**Sent:** Friday, April 19, 2024 11:03 AM
**To:** Oldham, Kevin <kevin.oldham@charlestonwvpolice.org>; Redden, Jessi <jessi.redden@charlestonwvpolice.org>
**Cc:** Webb, Jason <jason.webb@charlestonwvpolice.org>
**Subject:** Shaheen Shafii

Hello everyone.

Shaheen Shafii stated he was the victim of a hit and run on 3 Nov 2022. Cpl. Cart did the initial report. He claims Caden Thomas was the suspect and was requesting what follow up was completed. Do you guys have any information that I can get back to him. Thank you for any help.

Sgt. D Fields
Assistant Chief of Detectives
Charleston Police Department
304-348-6480 Ext. 187

April 19-20, 2024 Webb/Redden/Powell/Goodwin/Dempsey chain concerning the November 2022 leaving-the-scene complaint

DOH Form: 17-c
Revised: 02/2007

# State of West Virginia Uniform Traffic Crash Report
## Crash Data

*Crash Record Number*

*Reporting Agency's Record Number:* 22-1396

*Page* 1 *of* 10

# of Vehicles Involved: 2 | # of Non-Motorists Involved: 0 | # of Fatal Injuries: 0 | # of A B or C Injuries: 0

Date / Time of Crash: 11/03/2022 / 2245 | Date / Time Crash Reported: 11/03/2022 / 2250 | Time of Arrival: 2255

County: KANAWHA | Municipality or Place of Crash: CHARLESTON | GPS Coordinates: 38.34290 (Latitude) -81.62380 (Longitude)

Highway Class: Interstate, US, WV, County/HARP, ● City Street, State Park / Forest Road, Private Road, Private Property/Off-Roadway, Other

Supplemental Designation: Not Applicable, Spur, North, East, Truck Route, Other, Alternate, Ramp, South, West, Toll

Route: / | Milepost: | Ramp: | Street: LEE

Other Description of Location: | Intersecting Street: RUFFNER

Relation to Junction / Junction Type:

Non-Junction

● Junction, Non-Interchange Area
- X Intersection
- Intersection-Related
- Interstate to Interstate
- Railroad Grade Crossing #:
- Median Crossover-Related
- Business or Residential Driveway/Alley Access
- Other Non-Interchange

Junction, Interchange Area
- Thru Roadway
- Merge/Diverge Area
- Intersection
- Intersection-Related
- Entrance / Exit Ramp
- Other Part of Interchange

Intersection Type:
- ● 4-Way Intersection
- T Intersection
- Y Intersection
- Intersection as Part of Interchange
- Traffic Circle / Roundabout
- 5-Point or More

Manner of Collision:
- Single Vehicle Crash
- Rear End
- Head-On
- ● Sideswipe, Same Direction
- Sideswipe, Opposite Direction
- Rear-to-Side
- Rear-to-Rear

Angle (Front to Side) Same Direction — OR

Angle (Front to Side) Opp. Direction — OR

Right Angle — OR

Angle - Direction Not Specified

Environmental Contributing Circumstances (Select Up to 3):
- X None
- Weather Conditions
- Physical Obstruction(s)
- Glare
- Animal(s) in Roadway Type:
- Other:

Weather (Select Up to 2):
- X Clear
- Cloudy
- Fog, Smog, Smoke
- Rain
- Sleet, Hail, or Freezing Rain
- Snow
- Blowing Snow
- Severe Crosswinds
- Blowing Sand, Soil, Dirt
- Other

Lighting:
- Daylight
- ● Dark - Lighted
- Dark - Not Lighted
- Dawn
- Dusk
- Other

Roadway Surface Condition:
- ● Dry
- Wet
- Snow
- Slush
- Ice / Frost
- Water (Standing / Moving)
- Mud, Dirt, Gravel, Sand

Location of First Harmful Event:
- ● On Roadway
- Shoulder
- Median
- Roadside
- Gore
- Separator
- In Parking Lane or Zone
- Off Roadway, Location Unknown
- Outside of Right-of-Way
- Unknown

Roadway Surface Type: ● Asphalt, Concrete, Gravel, Dirt, Brick, Other:

First Harmful Event:
- Overturn / Rollover
- Fire / Explosion
- Immersion
- Jackknife
- Cargo / Equipment Loss or Shift
- Fell / Jumped from Motor Veh
- Thrown or Falling Object
- Other Non-Collision

COLLISION WITH:
- Pedestrian
- Pedalcycle
- Railway Vehicle
- Animal
- Motor Vehicle in Transport
- ● Parked Motor Vehicle
- Work Zone / Maintenance Equip
- Other Non-Fixed Object
- Impact Attenuator / Crash Cushion
- Bridge Overhead Structure
- Bridge Pier or Support
- Bridge Rail
- Culvert
- Curb
- Ditch
- Embankment
- Guardrail Face
- Guardrail End
- Cable Median Barrier
- Concrete Traffic Barrier
- Other Traffic Barrier
- Tree (Standing)
- Utility Pole/Light Support
- Traffic Sign Support
- Traffic Signal Support
- Other Post, Pole, or Support
- Fence
- Mailbox
- Other Fixed Object

April 19-20, 2024 Webb/Redden/Powell/Goodwin/Dempsey chain concerning the November 2022 leaving-the-scene complaint

*Crash Record Number* *Reporting Agency's Record Number:* 22-1396 *Page* 2 *of* 10

**Road - Contributing Circumstances: (Select Up to 3)**
- [X] None
- [ ] Road Surface Condition (Wet, Icy, etc.)
- [ ] Debris
- [ ] Ruts, Holes, Bumps
- [ ] Worn, Travel Polished Surface
- [ ] Obstruction in Roadway
- [ ] Pavement Markings Not Visible

**Shoulders:** None / Low / Soft / High

**Problem w/ Traffic Control Device:** Inoperative / Missing / Obscured

**Work Zone:** Utility / Construction / Maintenance / Non-Highway Work / Other

**School Bus Related:** ● No / Yes, School Bus Directly Involved / Yes, School Bus Indirectly Involved

**School Zone Related:** ● No / Yes

**Type of School Zone Sign:** When Present / None / When Flashing / Lists Specific Times

**School Zone Flashers:** Present, Not Active / Present, Active / Not Present

**School Zone Speed Limit:**

**Work Zone Related:** ● No / Yes

**Workers Present:** Yes / No / Unknown

**Work Zone Speed Limit:**

**Location of Crash in Work Zone:** Before 1st Warning Sign / Advance Warning Area / Transition (Merge) Area / Activity Area / Termination Area

**Type of Work Zone:** Lane Closure / Lane Shift / Crossover / Work on Shoulder or in Median / Intermittent or Moving Work / Other

**NARRATIVE:** **Describe What Happened. Refer to Vehicles by Number Assigned on this Form.**

VEHICLE 1 DRIVING NORTH ON RUFFNER BEFORE TURNING ONTO LEE ST.
VEHICLE 2 PARKED IN FRONT OF 1501 LEE ST E ON THE SOUTH SIDE OF STREET.

THE WITNESS A CORTINY REYNOLDS (304-941-7224) STATED THAT SHE WAS ON HER FRONT PORCH WHEN SHE OBSERVED A SILVER SEDAN (VEHICLE 1) GOING AT A HIGH RATE OF SPEED DOWN RUFFNER. MS. REYNOLDS STATED THEY ATTEMPTED TO TURN BUT IN THE PROCESS DROVE THE VEHICLE INTO VEHICLE 2. MS. REYNOLDS STATED SHE BELIEVED THE LICENSE PLATE WAS A 6A5784 HOWEVER METRO INFORMED ME THAT LICENSE PLATE HAD EXPIRED IN 2002 AND HAD BEEN ON A PICKUP TRUCK. MS. REYNOLDS HAD SOMEONE CHECK THE CAMERAS OF 1501 LEE ST E AND THEY STATED THE VEHICLE APPEARED TO BE A SILVER CADILLAC FOUR DOOR.

MS. REYNOLDS INFORMED ME THAT SHE OBSERVED THE DRIVER AND PASSENGER OF THE VEHICLE. SHE STATED THAT SHE BELIEVED THE DRIVER WAS A WHITE MALE AND THE PASSENGER WAS A BLACK MALE. SHE STATED THEY WERE YELLING AS THEY TURNED AND AFTER STRIKING VEHICLE 2 SHE YELLED AT THEM TO STAY THERE. MS. REYNOLDS STATED THAT THEY PAUSED FOR A MOMENT BEFORE BACKING UP AND DRIVING EAST ON LEE ST. THERE IS NO FURTHER INFORMATION AT THIS TIME.

B.A. FOSTER
02/01/2024

AFTER RECEIVING SEVERAL PHONE CALLS IN REGARDS TO THE ABOVE CRASH BY THE VICTIMS MOTHER, THIS CASE WAS RE-OPENED. INFORMATION WAS PROVIDED FOR THE ALLEGED SUSPECT DRIVER AND SUSPECT VEHICLE. HOWEVER GIVEN THE TIME GAP, WE ARE UNABLE TO DETERMINE THE LEGITIMACY OF EVIDENTIARY CLAIMS. ADDITIONALLY, BASED ON CRIMINAL STATUES EXPIRING NO PROSECUTION WAS ABLE TO BE SOUGHT. THEREFORE AT THIS TIME THE CASE HAS BEEN CLOSED WITH NO NEW INFORMATION.

**Reported By:** State Police / Sheriff's Dept / ● Municipal PD / Other

**Photos Taken:** Yes / ● No **By Whom:**

**Video Taped:** Yes / ● No **By Whom:**

**The information contained in this report reflects my best knowledge and judgment:**

**Investigating Officer's Name:** CPL. CART **Number:** 6248 **Signature:**

**Phone:** (304) 348-6400 **ORI Number:** WV0200200 **Agency:** CHARLESTON PD

**Assisting Officer's Name(s):**

**Reconstructed:** Yes / ● No **By Whom:** **Date of Submission:** 02/01/2024

**From:** Baker, Kevin
**Sent:** Wednesday, April 24, 2024 12:54 PM
**To:** Fields, Duane
**Cc:** Dempsey, Scott; Webb, Jason
**Subject:** FW: FWD TO SGT FIELDS PLEASE

Sgt. Fields,
I spoke with Mr. Shafii today and he sent me the below email, which he said he tried to send to you but was blocked from doing so. When you have had time to review, I would like to sit down and discuss this with you.

Thank you,
Kevin

Kevin Baker
City Attorney
City of Charleston
501 Virginia Street, East
Charleston, WV 25301
304-348-8032

**From:** Shaheen Shafii <ss@federal.domains>
**Sent:** Wednesday, April 24, 2024 12:51 PM
**To:** Baker, Kevin <Kevin.baker@cityofcharleston.org>
**Subject:** FWD TO SGT FIELDS PLEASE

This Email Originated from an outside source: **Do not open attachments or links unless you know the content is safe, forward suspicious emails as an attachment to: helpdesk@cityofcharleston.org**

Sgt. Fields,

Thanks for taking the time to speak with me this morning.

Here are a few slides from an independent investigation that was done last year.

If you let me know which of the 16 charges you would like evidence for I can collect them and send them over.

A lot of the material is available at https://evidence.momster.inc

If you would like additional information about what I've experienced over the last year and a half it is publicly available on my Facebook page.

Searching either Shaheen Shafii or Himothy Himmingway should produce my profile.

June-September 2024 formal-complaints chain, including Bennett's statement that the Chief must be briefed to authorize a misconduct investigation

**Message 1 - June 03, 2024 01:18 PM**
From: Shaheen Shafii <ss@federal.domains>
To: Bennett, Brian < brian.bennett@charlestonwvpolice.org>
Subject: Formal Complaints

~~**Lt. Bennett,**~~

My name is Shaheen Shafii. I stopped by the Records Department recently to enter formal complaints and wanted to verify that they were submitted.

Do you have anything from me on file

Thank you for your tim

PRESIDEN

**Message 2 - June 05, 2024 10:29 AM**
From: Bennett, Brian
Subject: RE: Formal Complaints

~~No sir.~~

I have not received anything with your name.

What was the date and time you stopped by, so I can attempt to locate the information.

Who did you speak with?

Name or description

r

- - 6826 ext. 25

**Message 3 - June 05, 2024 11:20 AM**
From: Shaheen Shafii <ss@federal.domains>
To: Bennett, Brian <brian.bennett@charlestonwvpolice.org>
Subject: RE: Formal Complaints

~~Do not open attachments or links unless you know the content is~~

**Well dang,**

I stopped by records on 01 24 24 and spoke with Officer Thaxton about a few complaints. On 04 12 24 I stopped by records to leave formal complaints with Officer Hackney. He said he'd write everything up and get it submitted, and that I should follow up in about 30 days if I hadn't heard anything. I've also been working with Sgt. Fields recently get a few criminal complaints investigated.

If it's appropriate to submit them via email, I can enter the complaints here to save you time, if you'd like

Thanks for your help. I appreciate your attention to the matter, Sir.

PRESIDEN

**Message 4 - June 10, 2024 10:32 AM**
From: Bennett, Brian
Subject: RE: Formal Complaints

~~I apologize for the delay.~~

My fault regarding your original email.

I assumed recent meant within a couple weeks.

Yes, email me the information.

It'll will save much needed time.

r

- - 6826 ext. 25

**Message 5 - June 14, 2024 10:53 AM**
From: Shaheen Shafii
Subject: RE: Formal Complaints

~~Lt. Bennett,~~

The following complaints are brought forward in good faith and are believed to be supported sufficiently with fact, verified to the best of my ability. If, in misunderstanding, a claim is made against a good name, please allow me to rescind the complaint from this submission and issue a formal statement of apology to those afflicted.

As I believe all complaints outlined below are connected, it may make sense to offer a brief background and account of events leading to the first submission. To start, my name is Shaheen Shafii. I was born and raised in Charleston, WV.

It has been my home for nearly forty years... [redacted] In the summer of 2022 I mad [redacted] as "annoyed by my presence." Later, she stated that she [redacted] d's granddaughter - i n - law who also lived in the town homes, Autumn Gardner, to sign a new lease that I had been omitted from. A week later, my newly purchased vehicle was struck while parked at home for the second time in a year.

With that, for the consideration of the Professional Standards Division of the Charleston Police Department, I submit:

**Complaint I -**

11 3 22 -

D. Car

Officer Daniel Cart responded to the scene of a hit and run involving my vehicle which was parked in front of my home located 1501 Lee St, Charleston, WV on 11 3 22 at approximately 2200 hrs. An independent investigation uncovered information that ultimate ly lead to the positive identification of Kaden Thomas as the driver. During that time, roughly a dozen attempts to contact Officer Cart were made without success. Numerous messages were left in his box containing evidence for the case, to include admissio n of fault from his insurance provider. The case files were never updated to include them. To this day, Officer Cart has yet to respond.

**Complaint II -**

12 15 22 -

J. Redden

Around 12 15 22, Officer Jessi Redden's contact information was given to me by an Officer at the Records Department after having failed to reach Officer Cart. Over the course of 12 months, many attempts to contact Officer Redden about the incident were mad e by myself and my family. In December of 2023, we were finally able to connect with Officer Redden, but only after the statute of limitations for Kaden's charges had expired. Kaden Thomas successfully avoided prosecution for the hit and run, a crime for w hich an admission of fault existed, because Officer Cart and Officer Redden refused to respond to dozens of messages over a twelve month period.

--

**Complaint III -**

1 3 23 -

T. Tolley, D. Cart, A. Aldridge, D. Edwards, C. Bass

EXHIBIT D

June-September 2024 formal-complaints chain, including Bennett's statement that the Chief must be briefed to authorize a misconduct investigation

On 1-3-23 at appr ed 911 to request Officers to my home on Lee Street to deescalate a situation between my ex partner, Cortnie Reynolds, [redacted] Though we were located blocks away from 2 police stations, I called d ispatch five more times, over the span of three hour ed. First to the scene was Officer Tyler Tolley and Officer Daniel Cart. I met them on the porch and explained the situation. Shortly after, Officer Adam Aldridge and Officer Dane Edwards arrive on scene. Then, Officer Chris Bass responded, strangely, to the side of the house where my ex partner, Cortnie Reynolds, was at the back door. At the time, the three hour response time just appeared to be a mishandling of the incident, but he Officers' behavior upon arrival and events afterward suggest this delay was deliberately coordinated.

...

**Complaint IV -**

1-3-23 -

A. Aldridg

Upon arriving, the reason for my call was deprioritized and the primary focus became providing service of the DVP. While discussing the situation, Officer Aldridge made a comment suggesting that he had prior knowledge of the relationship between my partner

and I, allegations he has since denied. Video evidence of this incident can be viewed using this link. This evidence of coordination and the intent to conceal it was the first incident to raise suspicion of misconduct.

**Complaint V -**

1-3-23 -

A. Aldridge, D. Edwards

Shortly after the comment regarding our relationship history, Officer Aldridge made another comment regarding my vehicle that had been destroyed two months prior with still no charges brought against the driver, Kaden Thomas. Just after the comment was mad e, the behavior of Officers Aldridge and Edwards suggested that they were privy to information unknown to other parties present. Video evidence of this incident can be viewed using this link. This incident removed what doubt remained regarding Officer misconduct. They are believed to be covering Felony Destruction of Property involving my vehicle, viewed using this link.

---

The following day, on 1-4-23, the hearing for the DVP was continued to 1-30-23. About a week before the hearing, on 1-18-2023, home security footage captured my ex partner and two co-conspirators planting evidence to frame me for contempt of the ex parte o rders. That footage can be viewed at this link. In West Virginia, felony conspiracy is defined as an agreement between two or more persons to commit a felony, along with an overt act taken by at least one of the conspirators to further the agreement. The video evidence captures this much, along with a

confession, but my family and I have been denied the ability to submit a criminal complaint. That has been the case with this crime and many others by Officers listed below.

**Complaint VI -**

9-26-23 -

A. Brown

I visited the Records Department on 9-26-23 and spoke with the clerk about filing a criminal complaint. She asked me to wait in the lobby and she would go get an officer to take the information. Officer Brown came to introduce herself and asked about my co ncerns. As I was explaining the situation with the hit and run, Officer Cart, as well as the conspiracy my ex partner was caught trying to frame me, Officer Brown seemed intent to convince me there had been no crimes committed. She insisted that these matters were only appropriate to be heard in civil court. Although I knew better, it made little sense to argue. I thanked her for her time and left. Kaden Thomas' dro ve his vehicle into mine causing exten [redacted] ccident. Cortnie Reynolds conspired with two unknown men to plant evidence that would incarcerate me [redacted] There is clear evidence for b oth crimes, evidence Officer Brown was not interested in documenting. It is [redacted] es.

**Complaint VII -**

1-29-24 -

C. Thaxton

June-September 2024 formal-complaints chain, including Bennett's statement that the Chief must be briefed to authorize a misconduct investigation

On 01 29 24 I visited records to submit evidence of another criminal complaint. Officer Thaxton came to meet me in the lobby. Officer Thaxton was the first individ om the Charleston Police Department that I actually felt was genuine in hi s intention. He introduced himself and then he, myself, [redacted] joked for a minute before getting into why we were there. He seemed interested in understanding the situation and helping me reso xplained to him that I had spoken to

Prosecuting Attorney after securing my ex partner's bank records and was told to submit them with the police department to investigate fraud charges. As we wrapped up, I was given his email to submit the evidence. I thanked him for his time, shook han ds, and left feeling good about progress made. Unfortunately, despite multiple attempts, I have never heard from him again. In hindsight, I feel foolish because I don't believe his intentions were pure. From the comments he made about Arabic food it seems as though it may have been an opportunity to collect body cam footage in anticipation of an impending lawsuit. To my knowledge, the fraud was never investigated and charges were never brought forward.

**Complaint VIII -**

4 12 24 -

J. Hackney

On 4/12/24 I visited the Records Department explicitly to submit complaints on the above Officers in hopes that accountability be injected into a situation where myself nor members of my family have been permitted to file criminal complaints. Officer Hackn ey seemed genuine at first but after a few minutes into the report it became clear that he was not interested in justice as much as convincing me that no crimes had been committed, just as every Officer before him. I know that in West Virginia, conspiracy is defined as an agreement between two or more persons to commit a crime, along with an overt act taken by at least one of the conspirators to further the agreement. That is exactly what was captured on home security footage available for viewing at evidence.momster.inc. I left the complaints made on the officers above and he assured me that he'd write everything up and submit it to the Professional Standards Division. There is no indication that he did. He has now had twice the time he originally asked for (30 days) and

there's still nothing. I've tried to reach him multiple times without success.

**Complaint IV -**

5 6 24 -

D. Fields

On 4 18 24 I received a message from Officer Fields asking me to return his call. When I called back he asked if I had anything that needed to be handled. I shared with him some of the incidents outlined above. Just before ending the call, he asked about m y interaction with Councilwoman Jennifer Pharr, which I now understand was the purpose for the call. I explained to him that we were old friends and that I had recently reached out to her as a part of an investigation. He told me that there were concerns t hat I presented a danger to her safety and asked if these concerns were founded. I assured him there were not. He expressed an interest in assisting with criminal complaints that had been neglected and we exchanged contact information to work on them in the weeks that followed. After a few emails back and forth to establish the scope of work to be done, I sent him evidence of the first crime to investigate and have not heard b ack from Officer Fields ever since. I've called and left messages, sent numerous emails… the last I heard from him was 5/6/24, over a month ago.

---

**Complaint X -**

-

Unknown Charleston Police Officer s

In addition to refusing to take a criminal complaint against me, since this all began in December of 2022, there have been Police Officers squatting outside of my home, following me around the city, and harassing me at businesses I frequent. I'm not sure o f all of their identities because they never stopped to offer them. What is clear, however, is that I appear to be a target. I have emailed many of the Officers sworn to the Charleston Police Department, including the new Chief, Scott Dempsey, to make them

aware of the situation and have never received a reply.

---

I still do not understand why this has occurred and would appreciate any insight resulting from further investigation.

If I can be of further assistance please don't hesitate to reach out.

Thank you for your time and consideration.

PRESIDEN

June-September 2024 formal-complaints chain, including Bennett's statement that the Chief must be briefed to authorize a misconduct investigation

**Message 6 - June 28, 2024 04:55 AM**
From: Shaheen Shafii <ss@federal.domains>
To: Bennett, Brian <brian.bennett@charlestonwvpolice.org>
Subject: RE: Formal Complaints

~~Do not open~~

**Good morning Lt. Bennett,**

I know these things take time, and this message is not to rush the process, I just wanted to make sure you received it okay and make myself available if there was any particular incident that needed additional clarity.

PRESIDEN

**Message 7 - June 28, 2024 12:42 PM**
From: Bennett, Brian
Subject: RE: Formal Complaints

~~**Mr. Shafii,**~~

I did receive your complaint via email.

I will certainly need much more detail from you due to the complexity of your complaint.

I am required to brief the Chief of Police with details of conduct complaints, so he can make an informed decision whether to authorize an investigation into alleged officer misconduct.

In order for me to provide adequate detail to the Chief, I conduct preliminary reviews of all conduct complaints to obtain detail, facts, and evidence.

The detail within your email is a good start, but I have numerous follow up questions to flesh out specific details.

Most likely, I will need to conduct an audio/video recorded interview with you, with your permission, in order to obtain those details without any misrepresentation.

In the meantime, I am formally requesting the following information:

■

All video evidence you have that is relevant to the allegations in their original unedited format.

I understand that this could potentially be a large amount of data, therefore the footage needs to include officer(s) initial presence at the scene up to wh en the officer(s) leave the scene.

■

Any phone records you may have that support your attempts to contact the various officers multiple times (dates, times, contact numbers).

■

The West Virginia state code you are referring to regarding conspiracy.

■

Documentation of the "independent investigation" that developed the name Kaden Thomas.

■

Documentation of "admission of fault" from "his" insurance provider.

■

The name of and jurisdiction of the prosecuting attorney you spoke to.

■

The email address used to submit evidence to "C. Thaxton" regarding fraud charges.

This information will be reviewed under the lens of evaluating officer behavior and decision making as they interacted with you and/or how they investigated your allegations of criminal activity

r

- - 6826 ext. 25

**Message 8 - July 01, 2024 06:13 PM**
From: Shaheen Shafii <ss@federal.domains>
To: Bennett, Brian < brian.bennett@charlestonwvpolice.org>
Subject: RE: Formal Complaints

~~Lt. Bennett,~~

Thanks for the quick response.

You're correct in the understanding that the video evidence is quite a large amount of data that would need retrieved and organized before delivery, regardless of method.

Unfortunately, I don't have everything immediately available as I am working alone and extremely overburdened in task. My highest priority at the moment is seeking justice for the crimes that have been committed against my family and I. Initially, because we were denied the ability to file criminal complaints, I had been tasked to perform the investigations myself. For a brief time it seemed that we had a commitment from Officer Fields but it was short lived, requiring myself to take the mantle once again. It is becoming increasingly problematic as I continue to have protection orders filed against me for well established interrogation tactics. I'm not familiar with the organizational structure or procedures of the Charleston Police Department, only having d iscovered the Professional Standards Division recently after filing a FOIA request with the city, so I'm unsure of how to get help with this.

Is there any channel I can use to get these crimes investigated so that I am free to work on the mountain of other things that need attention, like the data you've requested

---

Here's a few answers to some of the easier questions you asked -

The West Virginia state code you are referring to regarding conspiracy.

WV Code

§61 - -

The name of and jurisdiction of the prosecuting attorney you spoke to.

The name is unknown at the moment but the call recording exists for a gentleman at the Kanawha County Prosecutor's Offic

The email address used to submit evidence to "C. Thaxton" regarding fraud charges.

I believe there were multiple attempts via email and messages left at records but in a cursory search I found an email I sent from jookhed@gmail.com

christopher.thaxton@charlestonwvpolice.org

PRESIDEN

**Message 9 - July 03, 2024 02:48 PM**
From: Bennett, Brian
Subject: RE: Formal Complaints

~~Mr. Shafii,~~

As for any other channels of investigation, I can only suggest another agency (Sheriff's Office or State Police).

However, I figure they would refer you back to CPD since the activity you have described falls within CPD's jurisdiction.

As for CPD's investigation of your criminal allegations. I am under the impression that is the essence of why you contacted me.

Generally, for misconduct of the various officers for failing to develop criminal charges and conspire against you.

Hence the complexity of your complaint.

This is the very reason why I requested, and need, additional information from you to assist in evaluating the reasonableness of their actions.

At your convenience, please provide the additional requested information.

Lack of this information will affect

depth and scope review will be limited.

In the meantime, I will do what I can with information available to me.

r

EXHIBIT Q

June-September 2024 formal-complaints chain, including Bennett's statement that the Chief must be briefed to authorize a misconduct investigation

- - 6826 ext. 25

**Message 10 - July 05, 2024 02:22 PM**
From: Shaheen Shafii
Subject: RE: Formal Complaints

~~Lt Bennett,~~

You're correct. Before I understood how things worked and learned about the established processes I called the Sheriffs, State Police, and even the FBI. Each one punted back to the local jurisdiction exactly as you mentioned. I was really hoping you may be

able to refer someone you were confident was a straight shooter.

I do intend to get you everything you need to make the best judgement possible but if there's not a single Officer out of 162 that we can count on to take a criminal complaint, any conspiracy against me hardly warrants attention.

**Message 11 - July 19, 2024 11:43 PM**
From: Shaheen Shafii
Subject: RE: Formal Complaints

~~Lt. Bennett,~~

I'd like to add two more complaints to the submission if possible

**Complaint XI -**

6/27/24 -

D. Fields

On 4/17/24 I asked Jennifer Pharr if she was aware of the mayor avoiding me.

Shortly after that she had a conversation with Officer Fields about me. She returned to speak with me but didn't mention Officer Fields, instead, she gave the impression that she

thought my account was hacked. Officer Fields reached out to me and left a voicemail instructing me to call him back. The following day I called him back and he opened the call stating that he wanted to help me with issues I was having. I shared a few of them with him and he told me that he would check into them and let me know. Before getting off the call he asked if I had contacted Jennifer. I told him that I had and explained the interaction. He asked if she was in danger. I told him no and shortly after that we ended the call. The next day, I asked Jennifer why she called the police if she thought my account was hacked. She got defensive and began to attack my character. Afterwards, she filed a protection order against me. The hearing was scheduled for April 29th but a transformer blew and an order was given to cancel all hearings at the judicial annex for that day. The following day, I called Magistrate Kacie Moore to get the new court date. Her secretary informed me that it would be on May 20th. When I

showed up to court on May 20th, I was told that it was re-rescheduled to June 27th and the notice was sent to an address Jennifer gave them. That address was a dilapidated building next door to her that was

unregistered from the postal grid and was not re ceiving mail due to being uninhabitable.

In an email, I had asked Officer Fields if he minded to appear at the hearing just to keep everyone honest. He never responded. On June 24th, I filed a subpoena for Sheriffs to serve Officer Fields to appear at the hearing for testimony. He did not appear.

**Complaint XII -**

7/18/24 -

H. Childress

On 3/30/23, I arranged to pick up my property with Cortnie Reynolds at 1501 Lee St. around 7PM that evening. I showed up at the agreed time and the movers began moving the items downstairs first. We filled the truck and went to unload. As soon as we left s he texted sa have to get the rest another day. I acknowledged and agreed. Shortly after everything had been unpacked I received a text message [redacted] that multiple units of squad cars were outside with their mother. Among them w as Officer Childress. I subpoenad Officer Childre aring against Cortnie after discovering she caused approximately $7,000 of property damage to the items I retrieved that day. We were sent notice of the hearing on Friday, 7/12/24. I received it on Monday 7/15/24 and filed the subpoena the next day on 7/16/24. I worried that filing it so close to the court

date put him at risk of not receiving it and was told by the clerk to deliver it by hand. Service was made next day to the clerk at the Records Department on 7/17/24 since Officer Childress was not available at that time. He did not appear to the court hearing on 7/18/24.

Also, since the evidence captured in

this video

satisfies the burden of proof necessary to bring charges forward, shouldn't it be possible to do so immediately?

Thank you for your attention to these matters.

**Message 12 - September 25, 2024 11:36 AM**

From: Shaheen Shafii <ss@federal.domains>
To: Bennett, Brian
Subject: RE: Formal Complaints

~~**Lt. Bennett,**~~

If it's not too much trouble, I'd like to submit two additional complaints on Officer Fields. I don't know what he has against me but his aggression is having a material impact on my family.

**Complaint XIII -**

7/18/24 -

D. Fields

Apparently, Officer Fields has a problem with me. He has claimed that he does not but his actions speak otherwise. On 7/18/24 he tasked Officer Hill to enter a violation of PSO granted to Jennifer Pharr. Officer Hill's report mentions that Officer Fields told him that I called the Mayor's office to speak with Jennifer Pharr. Not only is this a complete falsehood, it doesn't even make sense. I knew that I had a PSO awaiting an appeal hearing and was calling to ensure Jennifer Pharr was NOT there before I stopped by to see the Mayor. I told the Mayor's Secretary this as well. At no point did I ask to speak with Jennifer Pharr or anything else that could even be construed as direct or indirect contact. He claims to have an audio evidence to the contrary. A FOIA request was submitted to examine the evidence but it has not been fulfilled.

**Complaint XIV -**

8/22/24 -

D. Fields

On 8/22/24, I was informed that Officer Fields was spreading misinformation about me and emailed him to express my dissatisfaction and aske d that he refrain. Officer Fields' response suggested that he was confused. Indeed he was, so I extended an invitation to learn more about the man he was attempting to discredit. He has not responded. The exchange can be found here.

**From:** Webb, Jason
**Sent:** Tuesday, March 11, 2025 2:59 PM
**To:** Dempsey, Scott
**Subject:** Fwd: Shaheen Shafii

It is a little bit different than the last case. Looks like it was dismissed for a different reason. I'll see what the paperwork says when it comes in.

Webb

Get Outlook for iOS

---

**From:** Hill, Jonathan <jonathan.hill@charlestonwvpolice.org>
**Sent:** Tuesday, March 11, 2025 2:55:01 PM
**To:** Fields, Duane <dfields@charlestonwvpolice.org>
**Cc:** Webb, Jason <jason.webb@charlestonwvpolice.org>; Spaulding, Ryan <ryan.spaulding@charlestonwvpolice.org>
**Subject:** Shaheen Shafii

Sir,

On March 5th, 2025, I was scheduled for a bench trial in front of Magistrate Michael B. Ferrell at Kanawha County Magistrate Court at 11:15 AM regarding a Violation of a PSO I had previously filed on Shaheen Shafii (24-M20M-07499).

I arrived at Magistrate Court around 11:05 AM, but when I walked toward the courtroom, I encountered Felicia Bolaños (CPD Victim Advocate), who advised the case had been dismissed due to the wrong charge being filed. Ms. Bolaños stated that Mr. Shafii's attorney, Taylor Glass, had filed a motion to dismiss (which had been granted by Magistrate Ferrell), and the assistant prosecuting attorney, Tom Price, had stated that I needed to file the charge under WV Code under 53-8-11 instead of 48-27-903. As I was speaking to Ms. Bolaños, I saw APA Price, who stated something to the effect of, "I don't know what happened, man; it was dismissed. You need to refile it under this (pointing toward a paper in his hand). I can't talk really talk, I'm about to have a hearing in another courtroom." (I do not recall the entirety of our conversation since it was very short, around a few seconds in total). He then handed me the paper he was holding that read, "Detective J.D. Hill - (304) 348-6480.....Need to refile 24-M20M-07499." Before walking away, I told APA Price I would refile the charge under WV Code 53-8-11 as a summons on the same date.

As I left Magistrate Court, I returned to CID, where I retyped the complaint under WV Code 53-8-11 as a summons. This summons was later taken to Magistrate Court around 1:45 PM on the same date and signed by Magistrate Leslie Grace.

On March 11th, 2025, I attempted to obtain a copy of the dismissal form at Magistrate Court. I first spoke with the Day Court assistant, but he advised that it had yet to be scanned in and that I would likely find a copy with the Magistrate Court Clerk. I then went to the Magistrate Court Clerk's Office, but they could not locate it on their computer system. When the clerk attempted to find the original file, she stated that it was not in their office and that Magistrate Ferrell's assistant should still have it. I then located Magistrate Ferrell's assistant in the ticket room, and when I asked her, she went through several files on the ticket room desk and other files at her desk. Magistrate Ferrell's assistant stated that she could not locate it and was unsure where it was since she was off last

week. She said that she would continue to look for it the rest of the day, but it would be more likely that she would find it tomorrow, March 12th, 2025, and would contact me once it is located.

Respectfully,

***Detective J.D. Hill***
Charleston Police Department
Criminal Investigation Division
501 Virginia Street
Charleston, WV 25301
**Office:** (304) 348-6480
**Cell:** (304) 389-2417
**Fax:** (304) 348-0743

EXHIBIT Q
April 7, 2025 Fields/Dempsey close-out communication

**From:** Dempsey, Scott
**Sent:** Monday, April 7, 2025 10:08 AM
**To:** Fields, Duane; Stinson, Tina; Webb, Jason
**Cc:** Workman, Andrew
**Subject:** RE: Shaheen Shafii Comment - Here to Serve Online Comment Form

I think it is safe to go ahead and close out that request from Mr. Shafi. I can attest to Duane's comments and we have accomplished all we can do with him.

**From:** Fields, Duane <dfields@charlestonwvpolice.org>
**Sent:** Monday, April 7, 2025 10:05 AM
**To:** Stinson, Tina <Tina.Stinson@cityofcharleston.org>; Dempsey, Scott <scott.dempsey@charlestonwvpolice.org>; Webb, Jason <jason.webb@charlestonwvpolice.org>
**Cc:** Workman, Andrew <Andrew.Workman@cityofcharleston.org>
**Subject:** RE: Shaheen Shafii Comment - Here to Serve Online Comment Form

We have spoken to Mr. Shaffii at length about his complaints. He has an upcoming trial involving him violating a PSO with one of our council members.

Respectfully,
Sgt. Fields

**From:** Stinson, Tina <Tina.Stinson@cityofcharleston.org>
**Sent:** Monday, April 7, 2025 9:59 AM
**To:** Dempsey, Scott <scott.dempsey@charlestonwvpolice.org>; Webb, Jason <jason.webb@charlestonwvpolice.org>; Fields, Duane <dfields@charlestonwvpolice.org>
**Cc:** Workman, Andrew <Andrew.Workman@cityofcharleston.org>
**Subject:** Shaheen Shafii Comment - Here to Serve Online Comment Form

Sharing the comment Shaheen Shafii submitted via the online comment form for Here to Serve. Thx. -T

**Tina L. Stinson (she/her)**
Director of Communications
City of Charleston

m: 304.444.6782
o: 304.348.8121
501 Virginia Street East
Charleston, WV 25301

EXHIBIT Q

April 7, 2025 Fields/Dempsey close-out communication



View results

Respondent

5 Anonymous

01:38

Time to complete

## Contact Info & Comment(s)

1. Name

[illegible]

2. Zip Code *

- 25301
- 25302
- 25303
- 25304
- 25305
- 25311
- 25314
- 25387
- Other

3. Email *

[illegible]s@federaldomains

4. Phone

3043803649

EXHIBIT Q

April 7, 2025 Fields/Dempsey close-out communication



5. Comments *

why doesn't the Charleston police department take my criminal complaints?